Of Counsel:
CHAR SAKAMOTO ISHII LUM & CHING
Attorneys at Law
A Law Corporation

CAROLYN E. HAYASHI          4234
Davies Pacific Center
841 Bishop Street, Suite 850
Honolulu, Hawaii 96813
Tel: (808) 522-5133
Fax: (808) 522-5144
Email: CEHayashi@lawcsilc.com

Attorney for Plaintiffs
TRUSTEES OF THE PAMCAH-UA
LOCAL 675 TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND;<br><br>        Plaintiffs,<br>    v.<br><br>GORDON MECHANICAL LLC, a Hawaii limited liability company; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE | CIVIL NO. 1:26-cv-00115-JMS-KJM<br><br>**AMENDED** FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY<br><br>Hearing:<br>Date: June 3, 2026<br>Time:  10:00 a.m.<br>Judge: The Honorable Kenneth J. Mansfield<br><br>No trial date set.<br><br>(Caption continued on next page) |

GOVERNMENTAL AGENCIES 1-10; DOE TRUSTS 1-10;

Defendants.

**AMENDED FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT GORDON MECHANICAL LLC, A HAWAII LIMITED LIABILITY COMPANY**

On March 5, 2026, the Trustees of Plaintiffs PAMCAH-UA LOCAL 675 TRUST FUNDS, which include the Pension, Annuity, Health & Welfare, Vacation and Holiday, Training and Cooperation Trust Funds (hereinafter collectively referred to as "Plaintiffs" or "Trust Funds"), filed a Complaint against Defendant Gordon Mechanical LLC, a Hawaii limited liability company ("Gordon Mechanical" or "Defendant") [ECF No. 1].

On March 10, 2026, Defendant was served with the Complaint, Civil Cover Sheet filed March 5, 2026 [ECF No. 1-2], Summons filed March 5, 2026 [ECF No. 4], and Order Setting Rule 16 Scheduling Conference filed March 5, 2026 [ECF No. 5]. *See* Proof of Service filed March 10, 2026 [ECF No. 9]. Defendant failed to answer, or otherwise plead, and such time to answer or otherwise plead has expired. Thereafter, Plaintiffs requested that default be entered against Defendant [ECF No. 10], and on April 3, 2026, the Clerk of the Court made an Entry of Default of Defendant [ECF No. 11].

2

On April 23, 2026, Plaintiffs filed their Motion for Entry for Default Judgment against Defendant Gordon Mechanical in the amount of $469,100.87 ($425,313.66 in contributions, $42,531.43 in liquidated damages, and $1,255.78 in attorneys' fees and costs) ("Motion") [ECF No. 13].

The Motion came on for hearing on June 3, 2026, before the undersigned United States Magistrate Judge, due notice of said hearing having been provided to Defendant [ECF No. 15]. Carolyn E. Hayashi, Esq., appeared on behalf of Plaintiffs. Defendant failed to appear after three calls by the courtroom manager and failed to otherwise respond to the Motion.

## **FINDINGS**

Having reviewed the Motion, the memoranda in support of the Motion, the declaration of Erinn Liu, declaration of Carolyn E. Hayashi, and the exhibits thereto, and the record established in this action, the Court finds as follows:

1. Plaintiffs are fiduciaries and trustees of the PAMCAH-UA LOCAL 675 PENSION FUND; PAMCAH-UA LOCAL 675 ANNUITY FUND; PAMCAH-UA LOCAL 675 HEALTH & WELFARE FUND; PAMCAH-UA LOCAL 675 VACATION & HOLIDAY FUND; PAMCAH-UA LOCAL 675 TRAINING FUND; PAMCAH-UA LOCAL 675 COOPERATION FUND (hereinafter collectively referred to as "Trust Funds") [ECF No. 1 at 2 ¶ 1].

2.  The Annuity Fund is a money purchase pension plan and the Pension Fund is a defined benefit pension plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and the Health & Welfare, Training, and Vacation & Holiday Funds are employee welfare benefit plans as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1). The Trust Funds are multiemployer plans as defined in section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A) [ECF No. 1 at 2 ¶ 2].

3.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.

4.  Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 1145 and 1132(a) and (f). Jurisdiction is proper pursuant to section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and pursuant to section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and section 301(a) of the LMRA, 29 U.S.C. § 185(a) [ECF 1 at 3 ¶ 4].

5.  On May 24, 2019, Defendant agreed to be a signatory to the Collective Bargaining Agreement between the Local 675 of the United Association of Journeyman and Apprentice Plumbers and Pipefitters of the United States and Canada, AFL-CIO and the Plumbing & Mechanical Contractors Association (collectively referred to as the "Bargaining Agreement") [ECF 1 at 5 ¶ 8].

4

6. By agreeing to abide by the Bargaining Agreement and various trust agreements attached thereto, Gordon Mechanical is specifically required to do the following:

a. Pay the Trust Funds certain amounts for employee benefits, for work and labor performed by Gordon Mechanical's covered employees, on or before the due dates as specified in the Bargaining Agreement [ECF 1 at 7 ¶ 13].

b. In the event any monthly contributions were not paid when due, Gordon Mechanical would pay to each Trust Fund liquidated damages in the amount of ten percent (10%) per annum on unpaid contributions for additional administrative hours and costs for late contribution [ECF 1 at 7 ¶ 14].

c. If it became necessary for the Trust Funds to take legal action to enforce payment of contributions and/or liquidated damages against Defendant, that Defendant would pay all court and collection costs and reasonable attorneys' fees [ECF 1 at 9 ¶ 19].

7. Furthermore, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, as amended by the Multiemployer Pension Plan Amendments Act, Plaintiffs, as fiduciaries, have standing to enforce the terms of ERISA plans by obtaining appropriate relief from this Court. Section 502 of ERISA, 29 U.S.C. § 1132(e)(1), grants exclusive jurisdiction to the district courts to hear civil actions brought by Secretary of Labor or by a participant, beneficiary or a fiduciary.

5

8.  The Court has considered the application of the factors for evaluating whether default judgment is appropriate as set forth in *Eitel v. Cool*, 782 F.2d 1470, 1471–72 (9th. Cir. 1986). Evaluating all of the *Eitel* factors, default judgment against Defendant is appropriate.

9.  In summary, for the period October through December 2025 and January 2026, Gordon Mechanical owes the Trust Funds $425,313.66 in contributions and $42,531.43 in liquidated damages. The liquidated damages are based on 10% of delinquent contributions as follows:

//

//

//

//

//

//

//

//

//

//

//

//

6

| Month | Contributions on which liquidated damages are based | Liquidated Damages |
|---|---|---|
| October 2025 | $125,913.38 | $12,591.34[1] |
| November 2025 | $137,269.09 | $13,726.91[2] |
| December 2025 | $84,006.91 | $8,400.70[3] |
| January 2026 | $78,124.28 | $7,812.43[4] |
| **Total due and owing** | $425,313.66 | $42,531.38 |

[1]  In the Motion, Plaintiffs note that the amount of liquidated damages for October 2025 is $12,591.31.  ECF No. 13-1 at 10; ECF No. 13-2 at 3 ¶ 6.  The initial Findings and Recommendation to Enter Default Judgment and Award Damages Against Defendant Gordon Mechanical LLC, a Hawaii Limited Liability Company ("Initial F&R") also reflected this amount.  ECF No. 17 at 6.  Based on the court's calculation, however, the amount of liquidated damages for October 2025 should be $12,591.34.

[2]  In the Motion and Initial F&R, the amount of liquidated damages for November 2025 was $13,726.92.  ECF No. 13-1 at 10; ECF No. 13-2 at 3 ¶ 6; ECF No. 17 at 6.  Based on the court's calculation, however, the amount of liquidated damages for November 2025 should be $13,726.91.

[3]  In the Motion and Initial F&R, the amount of liquidated damages for December 2025 was $8,400.71.  ECF No. 13-1 at 10; ECF No. 13-2 at 3 ¶ 6; ECF No. 17 at 6.  Based on the court's calculation, however, the amount of liquidated damages for December 2025 should be $8,400.70.

[4]  In the Motion and Initial F&R, the amount of liquidated damages for January 2026 was $7,812.46.  ECF No. 13-1 at 10; ECF No. 13-2 at 3 ¶ 6; ECF No. 17 at 6.  Based on the court's calculation, however, the amount of liquidated damages for January 2026 should be $7,812.43.

10. An award of attorneys' fees to employee benefit plans is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. §§ 1145 and 1132.

11. This Court has reviewed the billing records of Plaintiffs' counsel and counsel's declaration attached to the Motion, and finds the requested attorneys' fees and costs to be reasonable, necessarily incurred, and directly related to the services provided herein.

### RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND RECOMMENDS that Default Judgment be entered in favor of Plaintiffs and against Defendant Gordon Mechanical LLC, a Hawaii limited liability company, for contributions in the sum of $425,313.66, liquidated damages in the sum of $42,531.38, and attorneys' fees and costs in the amount of $1,255.78, without prejudice to the Plaintiffs to seek other and further damages from Defendant arising from unaudited hours worked by Defendant's employees from October through December 2025 and January 2026, for a total default judgment in the amount of $469,100.82.

//

//

//

//

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, June 25, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

Civil No. 1:26-cv-00115-JMS-KJM; *TRUSTEES OF THE PAMCAH-UA LOCAL 675 TRUST FUNDS, et al. v. GORDON MECHANICAL LLC, et al.*; Amended Findings and Recommendation to Enter Default Judgment and Award Damages Against Defendant Gordon Mechanical LLC, a Hawaii Limited Liability Company